1   Richard J. Idell, Esq., #069033
    Patricia De Fonte, Esq. #223923
2   IDELL, BERMAN SEITEL & RUTCHIK, LLP
    The Merchants Exchange Building
3   465 California Street, Suite 300
    San Francisco, CA 94104
4   Telephone: (415) 986-2400
    Facsimile: (415) 392-9259
5
    Attorneys for Plaintiff
6
7   Alfredo A. Bismonte (SBN 136154)
    Abismonte@mount.com
8   Bobby T. Shih (SBN 210957)
    Bshih@mount.com
9   MOUNT & STOELKER, P.C.
    333 West San Carlos Street, 17th Floor
10  San Jose CA  95110
    Telephone: (408) 279-7000
11  Facsimile: (408) 998-1473
    Attorneys for Defendant
12

13              IN THE UNITED STATES DISTRICT COURT FOR THE

14                  NORTHERN DISTRICT OF CALIFORNIA

15                          SAN JOSE DIVISION

| | |
|---|---|
| 16  U2 HOME ENTERTAINMENT, INC., a California corporation doing business as | Civil Case No.: C 05 00260 JF |
| 17  CENTURY HOME ENTERTAINMENT, NEW IMAGE AUDIO AND VIDEO and | [PROPOSED] STIPULATION RE: *AND* |
| 18  TAI SENG ENTERTAINMENT (formerly TAI SENG VIDEO MARKETING), | **PROTECTIVE ORDER** *AS MODIFIED BY COURT* |
| 19          Plaintiff, | **(E-FILING)** |
| 20  vs. | |
| 21  GATECHINA.COM, INC., a California | |
| 22  corporation doing business as TIGERCOOL.COM; WAYNE LIN, also | |
| 23  known as WEN LIN, individually and doing business as GATECHINA.COM, INC., | |
| 24  UNITOPIA CORPORATION, a Delaware corporation registered and doing business in | |
| 25  California as DELAWAREUNITOPIA CORPORATION, and also doing business as | |
| 26  WWW.TIGERCOOL.COM and UNITOPIA XIAN CORPORATION, a corporation | |
| 27  whose state of formation is unknown and LEI LEI, individually and doing business as | |
| 28  UNITOPIA CORPORATION, DELAWAREUNITOPIA CORPORATION. | |

1  WWW.TIGERCOOL.COM and UNITOPIA
   XIAN CORPORATION and DOES 4 to
2  1000, inclusive,

3             Defendants.

4      1.    PURPOSES AND LIMITATIONS

5              Disclosure and discovery activity in this action are likely to involve production of

6  confidential, proprietary, or private information for which special protection from public

7  disclosure and from use for any purpose other than prosecuting this litigation would be

8  warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the

9  following Protective Order.  The parties acknowledge that this Protective Order does not confer

10 blanket protections on all disclosures or responses to discovery and that the protection it affords

11 extends only to the limited information or items that are entitled under the applicable legal

12 principles to treatment as confidential.  The parties further acknowledge, as set forth in Section

13 10 below, that this Protective Order creates no entitlement to file confidential information under

14 seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the

15 standards that will be applied when a Party seeks permission from the Court to file material

16 under seal.

17     2.    DEFINITIONS

18             2.1    Party:  any party to this action, including all of its officers, directors,

19 employees, consultants, retained experts, and outside counsel (and their support staff).

20             2.2    Disclosure or Discovery Material:  all items or information, regardless of

21 the medium or manner generated, stored, or maintained (including, among other things,

22 testimony, transcripts, or tangible things) that are produced or generated in disclosures or

23 responses to discovery in this matter.

24             2.3    "Confidential" Information or Items:  information (regardless of how

25 generated, stored or maintained) or tangible things produced by the Designating Party that the

26 Designating Party believes in good faith constitute proprietary commercial financial information

27 which shall only be used for the purpose of this litigation but need not be filed under seal if used

28

1  ~~in court~~ that qualify for protection under standards developed under F.R. Civ. P. 26(c).

2      2.4  "Highly Confidential – Attorneys' Eyes Only" Information or Items:

3  extremely sensitive "Confidential Information or Items" ~~that the Designating Party believes in~~ *whose disclosure to another Party*

4  ~~good faith constitutes a trade secret or other confidential research, development, financial or~~ *or non-party would create a substantial risk of serious injury that could not be avoided by*

5  ~~commercial information the dissemination of which to another Party or non-party is likely to~~ *less restrictive means.*

6  ~~create a substantial risk of harm to the ability of the Designating Party and/or its affiliates to~~

7  ~~conduct business in a competitive fashion.~~

8      2.5  Receiving Party:  a Party that receives Disclosure or Discovery Material

9  from a Producing Party.

10      2.6  Producing Party:  a Party or non-party that produces Disclosure or

11  Discovery Material in this action.

12      2.7  Designating Party:  a Party or non-party that designates information or

13  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

14  Confidential – Attorneys' Eyes Only."

15      2.8  Protected Material:  any Disclosure or Discovery Material that is

16  designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

17      2.9  Outside Counsel:  attorneys who are not House Counsel, as defined below,

18  but who are retained to represent or advise a Party in this action. Unless otherwise expressly

19  approved through stipulation or order, Outside Counsel shall include the partners, associates and

20  their support staff appearing on behalf of the parties to this litigation from the law firms of

21  IDELL, BERMAN, SEITEL & RUTCHIK, LLP on behalf of Plaintiff and MOUNT &

22  STOELKER P.C. on behalf of Defendant UNITOPIA CORPORATION d/b/a

23  DELAWAREUNITOPIA CORPORATION.

24      2.10  House Counsel:  attorneys who are employees of or provide legal services

25  on a full time basis and work on the premises of a Party or affiliate of a Party.

26      2.11  Counsel (without qualifier):  Outside Counsel and House Counsel (as well

27  as their support staffs).

28      2.12  Expert:  a person with specialized knowledge or experience in a matter

[PROPOSED] STIPULATION RE:  PROTECTIVE ORDER

1  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

2  witness or as a consultant in this action and who is not a past or current employee of a Party or of

3  a competitor of a Party and who, at the time of retention, is not anticipated to become an

4  employee of a Party or a competitor of a Party.  This definition includes a professional jury or

5  trial consultant retained in connection with this litigation.

6        2.13   Professional Vendors:  persons or entities that provide litigation support

7  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

8  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

9  subcontractors.

10       3.    SCOPE

11       The protections conferred by this Stipulation and Protective Order cover not only

12  Protected Material (as defined above), but also any information copied or extracted therefrom, as

13  well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

14  presentations by parties or counsel to or in court or in other settings that might reveal Protected

15  Material.

16       4.    DURATION

17       Even after the termination of this litigation, the confidentiality obligations imposed by

18  this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing

19  or a court order otherwise directs.

20       5.    DESIGNATING PROTECTED MATERIAL

21       5.1    Exercise of Restraint and Care in Designating Material for Protection.

22  Each Party or non-party that designates information or items for protection under this Protective

23  Order must take care to limit any such designation to specific material that qualifies under the

24  appropriate standards.  A Designating Party must take care to designate for protection only those

25  parts of material, documents, items, or oral or written communications that qualify – so that other

26  portions of the material, documents, items, or communications for which protection is not

27  warranted are not swept unjustifiably within the ambit of this Protective Order.

28             Mass, indiscriminate, or routinized designations are prohibited.  Designations that

1    are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

2    unnecessarily encumber or retard the case development process, or to impose unnecessary

3    expenses and burdens on other parties), expose the Designating Party to sanctions.

4           If it comes to a Party's or a non-party's attention that information or items that it

5    designated for protection do not qualify for protection at all, or do not qualify for the level of

6    protection initially asserted, that Party or non-party must promptly notify all other parties that it is

7    withdrawing the mistaken designation.

8           5.2     Manner and Timing of Designations.  Except as otherwise provided in this

9    Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

10   or ordered, material that qualifies for protection under this Protective Order must be clearly so

11   designated before the material is disclosed or produced.

12          Designation in conformity with this Protective Order requires:

13          (a) for information in documentary form (apart from transcripts of

14   depositions or other pretrial or trial proceedings) that the Producing Party affix the legend

15   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

16   of each page that contains protected material.  If only a portion or portions of the material on a

17   page qualifies for protection, the Producing Party also must clearly identify the protected

18   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

19   portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

20   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

21          A Party or non-party that makes original documents or materials available for

22   inspection need not designate them for protection until after the inspecting Party has indicated

23   which material it would like copied and produced.  During the inspection and before the

24   designation, all of the material made available for inspection shall be deemed "HIGHLY

25   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

26   documents it wants copied and produced, the Producing Party must determine which documents,

27   or portions thereof, qualify for protection under this Protective Order, then, before producing the

28   specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL"

1    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

2    contains Protected Material.  If only a portion or portions of the material on a page qualifies for

3    protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

4    making appropriate markings in the margins) and must specify, for each portion, the level of

5    protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY").

7                              (b) for testimony given in deposition or in other pretrial or trial

8    proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

9    record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

10    and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

11    ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of

12    testimony that is entitled to protection, and when it appears that substantial portions of the

13    testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

14    testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

15    have up to 20 days to identify the specific portions of the testimony as to which protection is

16    sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

17    CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

18    are appropriately designated for protection within the 20 days shall be covered by the provisions

19    of this Protective Order.

20                 Transcript pages containing Protected Material must be separately bound by the

21    court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

22    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-

23    party offering or sponsoring the witness or presenting the testimony.

24                              (c) for information produced in some form other than documentary, and

25    for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

26    the container or containers in which the information or item is stored the legend

27    "CONDFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

28    portions of the information or items warrant protection, the Producing Party, to the extent

1  practicable, shall identify the protected portions, specifying whether they qualify as
2  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3          (d)  <u>for information obtained from a Third Party</u>: If a Party serves a third party
4  with a subpoena, it shall also serve a copy of this Protective Order with said subpoena.  Said third
5  party may designate any item or document as "CONFIDENTIAL" and/or "HIGHLY
6  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective
7  Order.  Additionally, any items or documents received from that Third Party shall be treated as
8  having been designated HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" for a period
9  of thirty days, during which time each party shall have an opportunity to review said items and/or
10  documents and designate  same as CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL –
11  ATTORNEYS' EYES ONLY".

12          5.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
13  failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY
14  CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the
15  Designating Party's right to secure protection under this Protective Order for such material.  If
16  material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
17  ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on
18  timely notification of the designation, must make reasonable efforts to assure that the material is
19  treated in accordance with the provisions of this Protective Order.

20      6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

21          6.1  <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's
22  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
23  economic burdens, or a later significant disruption or delay of the litigation, a Party does not
24  waive its right to challenge a confidentiality designation by electing not to mount a challenge
25  promptly after the original designation is disclosed.

26          6.2  <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a
27  Designating Party's confidentiality designation must do so in good faith and must begin the
28  process by conferring directly (preferably by or including voice dialogue) with counsel for the

1   Designating Party.  In conferring, the challenging Party must explain the basis for its belief that

2   the confidentiality designation was not proper and must give the Designating Party an

3   opportunity to review the designated material, to reconsider the circumstances and, if no change

4   in designation is offered, to explain the basis for the chosen designation.  A challenging Party

5   may proceed to the next stage of the challenge process only if it has engaged in this meet and

6   confer process first.

7            6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

8   confidentiality designation after considering the justification offered by the Designating Party

9   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

10  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

11  challenge.  Each such motion must be accompanied by a competent declaration that affirms that

12  the movant has complied with the meet and confer requirements imposed in the preceding

13  paragraph and that sets forth with specificity the justification for the confidentiality designation

14  that was given by the Designating Party in the meet and confer dialogue.

15       The burden of persuasion in any such challenge proceeding shall be on the Designating

16  Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in

17  question the level of protection to which it is entitled under the Producing Party's designation.

18           7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

19           7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

20  disclosed or produced by another Party or by a non-party in connection with this case only for

21  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

22  disclosed only to the categories of persons and under the conditions described in this Protective

23  Order.  When the litigation has been terminated, a Receiving Party must comply with the

24  provisions of section 11 below (FINAL DISPOSITION).

25       Protected Material must be stored and maintained by a Receiving Party at a location and

26  in a secure manner that ensures that access is limited to the persons authorized under this

27  Protective Order.

28           7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

1   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

2   disclose any information or item designated CONFIDENTIAL only to:

3                  (a) the Receiving Party's Outside Counsel of record in this action, as well

4   as employees of said Counsel to whom it is reasonably necessary to disclose the information for

5   this litigation;

6                  (b) the officers, directors, and employees (including House Counsel) of the

7   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

8   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

9                  (c) experts (as defined in this Protective Order) of the Receiving Party to

10  whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement

11  to Be Bound by Protective Order" (Exhibit A);

12                 (d) the Court and its personnel;

13                 (e) court reporters, their staffs, and professional vendors to whom

14  disclosure is reasonably necessary for this litigation;

15                 (f) during their depositions, witnesses in the action to whom disclosure is

16  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

17  (Exhibit A) or who have agreed to be bound by the terms of the Protective Order on the record.

18  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

19  Material must be separately bound by the court reporter and may not be disclosed to anyone

20  except as permitted under this Protective Order.

21                 (g) the author of the document or the original source of the information.

22         7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

24  the Designating Party, a Receiving Party may disclose any information or item designated

25  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

26                 (a) the Receiving Party's Outside Counsel of record in this action, as well

27  as employees of said Counsel to whom it is reasonably necessary to disclose the information for

28  this litigation

1           (b) House Counsel;

2           (c) Experts (as defined in this Protective Order) (1) to whom disclosure is

3 reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by

4 Protective Order" (Exhibit A) and (3) as to whom the procedures set forth in paragraph 7.4,

5 below, have been followed;

6           (d) the Court and its personnel;

7           (e) court reporters, their staffs, and professional vendors to whom

8 disclosure is reasonably necessary for this litigation; and

9           (f) the author of the document or the original source of the information.

10     7.4.    PROCEDURES FOR APPROVING DISCLOSURE OF "HIGHLY

11 CONFIDENTIAL-ATTORNEYS' EYES ONLY" INFORMATION OR ITEMS TO EXPERTS:

12           (a)    Unless otherwise ordered by the court or agreed in writing by the

13 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Protective

14 Order) any information or item that has been designated "HIGHLY CONFIDENTIAL –

15 ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1)

16 identifies the specific information that the Receiving Party seeks permission to disclose to the

17 Expert, (2) sets forth the full name of the Expert and the city and state or his or her primary

18 residence; (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

19 employer(s), (5) identifies, to the best of the Expert's reasonable ability, each person or entity

20 form whom the Expert has received compensation for work in his or her area of expertise or to

21 whom the Expert has provided professional services at any time during the preceding five years

22 and (6) identifies (by name, number of the case, fling date and location of court) to the best of the

23 Expert's reasonable ability, any litigation in connection with which the Expert has provided any

24 professional services during the preceding five years.

25           (b)    A Party that makes a request and provides the information specified in the

26 preceding paragraph may disclose the Protected Material to the identified Expert unless, within

27 seven (7) court days of delivering the request, the Party receives a written objection from the

28 Designating Party. Any such objection must set forth in detail the grounds upon which it is based.

1   (c) A Party that receives a timely written objection must meet and confer with the

2   Designating Party (preferably by or including voice to voice dialogue) to try to resolve the matter

3   by agreement. If no agreement is reached, the Party seeking to make the disclosure may file a

4   motion as provided in Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

5   seeking permission from the court to do so. Any such motion must describe the circumstances

6   with specificity, set forth in detail the reasons for which the disclosure to the expert is reasonably

7   necessary, assess the risk of harm that the disclosure would entail and suggest any additional

8   means that might be used to reduce the risk.  In addition, any such motion must be accompanied

9   by a competent declaration in which the movant describes the parties' efforts to resolve the

10  matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets

11  forth the reasons advanced by Designating Party for its refusal to approve the disclosure.

12      In any such proceeding, the Party opposing the disclosure to the Expert shall bear the

13  burden of proving that the risk of harm that the disclosure would entail (under the safeguards

14  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

15      8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

16  OTHER LITIGATION.

17      If a Receiving Party is served with a subpoena or an order issued in other

18  litigation that would compel disclosure of any information or items designated in this action as

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

20  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

21  and in no event more than three court days after receiving the subpoena or order.  Such

22  notification must include a copy of the subpoena or court order.

23      The Receiving Party also must immediately inform in writing the Party who

24  caused the subpoena or order to issue in the other litigation that some or all the material covered

25  by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

26  must deliver a copy of this Protective Order promptly to the Party in the other action that caused

27  the subpoena or order to issue.

28      The purpose of imposing these duties is to alert the interested parties to the

1  existence of this Protective Order and to afford the Designating Party in this case an opportunity

2  to try to protect its confidentiality interests in the court from which the subpoena or order issued.

3  The Designating Party shall bear the burdens and the expenses of seeking protection in that court

4  of its confidential material – and nothing in these provisions should be construed as authorizing

5  or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

6        9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.  If a

7  Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to

8  any person or in any circumstance not authorized under this Protective Order, the Receiving

9  Party must immediately (a) notify in writing the Designating Party of the unauthorized

10  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

11  person or persons to whom unauthorized disclosures were made of all the terms of this Protective

12  Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement

13  to Be Bound" that is attached hereto as Exhibit A.

14        10.    FILING PROTECTED MATERIAL.  Without written permission from the

15  Designating Party or a court order secured after appropriate notice to all interest*ed* persons, a Party

16  may not file in the public record in this action any Protected Material. ~~designated as "HIGHLY~~

17  ~~CONFIDENTIAL ATTORNEYS' EYES ONLY".~~  A Party that seeks to file under seal any

18  Protected Material designated as ~~"HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"~~

19  must comply with Civil Local Rule 79-5. ~~If a Party seeks to use Protected Material designated as~~

20  ~~"HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" in a Court proceeding and the~~

21  ~~Court denies a request for a sealing order under Civil Local Rule 79-5, then the Protected~~

22  ~~Material may be filed in the public record and not under seal. Protected Material with a~~

23  ~~"CONFIDENTIAL" designation need not be filed under seal.~~

24        11.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the

25  Producing Party, within sixty days after the final termination of this action, each Receiving Party

26  must return all Protected Material to the Producing Party.  As used in this subdivision, "all

27  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

28  reproducing or capturing any of the Protected Material.  With permission in writing from the

1     Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

2     of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party

3     must submit a written certification to the Producing Party (and, if not the person or entity, to the

4     Designating Party) by the sixty day deadline that identifies (by category where appropriate) all

5     the Protected Material that was returned or destroyed and that affirms that the Receiving Party

6     has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

7     capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

8     retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

9     correspondence or attorney work product, even if such materials contain Protected Material. Any

10     such archival copies that contain or constitute Protected Material remain subject to this

11     Protective Order as set forth in Section 4 (DURATION) above.

12         12.     MISCELLANEOUS.

13            12.1     <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right

14     of any person to seek its modification bys the Court in the future.

15            12.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

16     Protective Order, no Party waives any right it otherwise would have to object to disclosing or

17     producing any information or item on any ground not addressed in this Protective Order.

18     Similarly, no Party waives any right to object on any ground to use in evidence of any of the

19     material covered by this Protective Order.

20         13.     PREVIOUS DISCLOSURES.

21            13.1     <u>Applicability</u>. The Parties may agree that this Protective Order govern

22     Disclosure and Discovery Material disclosed or produced prior to this Protective Order.

23            13.2     <u>Retroactive Designation</u>. Disclosure and Discovery Material disclosed or

24     produced prior to this Protective Order may be retroactively designated as "CONFIDENTIAL" or

25     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" without prejudice to the

26     Designating Party.

27

28

1

2

3

4   IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

5   DATED:  September 20, 2005          IDELL BERMAN SEITEL & RUTCHIK, LLP

6

7                                       By: _____/s/_____
                                            Richard J. Idell
8                                           Patricia DeFonte
                                            Attorneys for Plaintiff
9                                           U2 HOME ENTERTAINMENT, INC. d/b/a
                                            CENTURY HOME ENTERTAINMENT and
10                                          TAI SENG ENTERTAINMENT

11  DATED:  September 20, 2005          MOUNT & STOELKER P.C.

12

13                                      By: _____/s/_____
                                            Alfredo A. Bismonte
14                                          Bobby T. Shih
                                            Attorneys for Defendant
15                                          UNITOPIA CORPORATION
                                            d/b/a DELAWAREUNITOPIA CORPORATION
16

17

18  PURSUANT TO STIPULATION, IT IS SO ORDERED.

19

20  DATED:  _11/15/05_____          _Patricia V. Trumbull_____
                                       The Honorable Jeremy Fogel Patricia V. Trumbull
21                                     UNITED STATES DISTRICT JUDGE
                                                      MAGISTRATE
22

23

24

25

26

27

28

                                        -14-

## EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of U2 Home Entertainment, Inc., et al. v. Gatechina.com, Inc., et al., Case No. C 05 00260 JF. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed Name:_____

Signature:_____