**E-Filed 5/8/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| U2 HOME ENTERTAINMENT, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GATECHINA.COM, INC., et al.,<br><br>Defendants. | Case Number C 05-260 JF (PVT)<br>Related Case  C 02-3792 JF (PVT)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CIVIL CONTEMPT SANCTIONS |

Plaintiff's motion for civil contempt sanctions was heard on April 28, 2006.  The Court has considered the briefing as well as the oral arguments of counsel.  For the reasons discussed below, the motion will be granted in part.

**I. BACKGROUND**

Plaintiff U2 Home Entertainment, Inc. ("U2"), a California corporation, owns the copyrights and/or the exclusive United States distribution rights to certain Chinese language videos.  In August 2002, U2 sued Wayne Lin ("Lin") and his corporation, Gatechina, Inc.[1] ("Gatechina"), for copyright infringement and related claims arising out of activity on a website

---

[1] Formerly known as Gatechina.com, Inc.

known as tigercool.com. The website tigercool.com was launched by Lin and another individual, Lei Lei ("Lei") in 2001, and offers goods and services designed to appeal to ethnic Chinese consumers around the world. For example, a user of tigercool.com can order flowers for delivery in China, obtain phone cards and obtain Chinese language books and visual media. U2 alleged that the visual media products offered by tigercool.com included works to which U2 owned the copyrights or distribution rights. That action – Case No. C 02-3792 JF (PVT) – settled, and this Court entered a stipulated Final Judgment, Consent Decree and Permanent Injunction ("Final Judgment"), providing in relevant part that:

> Defendants, and their related business entities, and Defendants' officers, directors, shareholders, members, partners, agents, representatives, servants, employees, successors and assigns, and any and all persons acting in concert or participation with them who receive actual notice of this Final Judgment are permanently enjoined and restrained from directly or indirectly engaging in importing, renting, selling, offering to sell, distributing, marketing, advertising, promoting, transferring, shipping, licensing, handling, aiding or abetting in any of the foregoing, or using or exploiting in any fashion, any unauthorized copies of Plaintiff's Copyrighted Works [identified in Exhibit "A" to the Final Judgment] or otherwise infringing on the copyright interests of Plaintiff's Copyrighted Works.

Shortly thereafter, Lin transferred all ownership of the tigercool.com website to Lei. The transfer was completed in September 2003, at which time Lin provided Lei with a list of U2's protected works that could not be sold in the United States pursuant to the Final Judgment.

Lin and Gatechina continued to operate a separate website, wenxuecity.com, a community website providing information about lifestyle, culture and other topics of interest to ethnic Chinese communities worldwide. The term "wenxuecity" loosely translates to culture-knowledge-city. Lin provided advertising for tigercool.com on the wenxuecity.com website for $2,000 per month. Specifically, there was a "banner ad" on the wenxuecity.com website identifying tigercool.com as a marketplace for goods and services; if a user clicked on the banner, the user would be directed to the tigercool.com home page. The banner ad did not refer to any particular video for sale by tigercool.com, nor did it link a user to any page offering particular videos for sale.

In October 2004, an agent for U2 purchased a copy of "Dry Wood Fierce Fire" and a thirty-four episode set of the program "Legendary Four Aces" from tigercool.com. These works

1  are listed in Exhibit A to the Final Judgment entered into in Case No. C 02-3792 between U2 and
2  Lin/Gatechina. The works were shipped from China to an address in California.
3        In January 2005, U2 filed an application for an order to show cause why Lin and
4  Gatechina should not be held in contempt of the Final Judgment in Case No. C 02-3792. U2 also
5  filed a second action, Case No. C 05-260 JF (PVT), against Lin, Gatechina, Lei, and two of Lei's
6  business entities, Unitopia Corporation and Unitopia Xian Corporation. Upon being informed by
7  Lin's counsel that Lin and Gatechina no longer had any association with the tigercool.com
8  website, U2 withdrew its application for contempt sanctions and dismissed Lin and Gatechina
9  from Case No. C 05-260. Neither Lei nor Unitopia Xian Corporation has appeared in that case,
10 and default judgment has been entered against them. Unitopia Corporation has appeared and is
11 litigating the action.
12       In November 2005, U2 noticed the deposition of Lin in Case No. C 05-260. Because Lin
13 is not a defendant in that action, he appeared for deposition as a third party witness. He appeared
14 without counsel and without an interpreter. While Lin is a United States citizen, he is ethnically
15 Chinese and his native language is Mandarin. During the deposition, he testified that for at least
16 some period of time after entry of the Final Judgment in Case No. C 02-3792, there was
17 advertising for the tigercool.com website on the wenxuecity.com website, and that Lei paid
18 $2,000 per month for that advertising. Lin requested and was entitled to review the deposition
19 transcript before it was finalized. *See* Fed. R. Civ. P. 30(e). However, Lin was not given an
20 opportunity to review the transcript before it was sent to U2.
21       On December 30, 2005, U2 filed an application for issuance of an order to show cause
22 why Lin and Gatechina should not be adjudged in civil contempt of the Final Judgment entered
23 in Case No. C 02-3792. On January 11, 2006, Lin filed an application for an extension of time to
24 respond to U2's application for an order to show cause, so that Lin could review his deposition
25 transcript. The Court denied U2's application for an order to show cause without prejudice so
26 that Lin could review the deposition transcript. Lin did so and made corrections to the transcript.
27 U2 subsequently filed the instant renewed application for issuance of an order to show cause why
28 Lin and Gatechina should not be adjudged in contempt of the Final Order in Case No. C 02-3792.

## II. DISCUSSION

A party who fails to comply with a court order is subject to a finding of civil contempt. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). The failure to comply with the court order need not be intentional. *Id*. However, where the language of the order is too vague, imposing contempt sanctions would be an invalid exercise of judicial authority. *Vertex Distributing Inc., v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982). Therefore, if a defendant's conduct "appears to be based on a good faith and reasonable interpretation" of the order, the defendant should not be held in contempt. *Id.* (internal quotation marks and citation omitted).

Contempt must be established by clear and convincing evidence. *Id.* Once a violation of a court order has been established, the Court may impose sanctions. *Donallco*, 787 F.2d at 1379-80. Sanctions may be imposed to coerce obedience to a court order or to compensate the party seeking a contempt finding for injuries resulting from the contemptuous behavior, or both. *Id*. at 1380. A monetary coercive sanction should be payable to the Court. *Id*. A compensatory sanction is limited to the actual losses sustained by the party seeking a contempt finding. *Id*.

The Final Judgment at issue here clearly prohibits Lin and Gatechina from "directly or indirectly" marketing or advertising U2's copyrighted works or aiding and abetting any marketing, advertising or sales of U2 copyrighted works. The Court concludes that the continued advertising of the tigercool.com website violated these prohibitions, at least after such time as Lin and Gatechina had actual notice that U2's copyrighted works still were being sold on the tigercool.com website. It is undisputed that in January 2005, Lin was served with a copy of the complaint in Case No. C 05-260 JF (PVT) and a copy of the previously withdrawn contempt motion, both of which made clear that tigercool.com was continuing to sell the protected works covered by the Final Judgment. Included in the papers served upon Lin were investigative reports stating that "Dry Wood Fierce Fire" and "Legendary Four Aces" had been purchased from tigercool.com. Under these circumstances, Lin could not reasonably have believed that he could continue to advertise the tigercool.com website without being in violation of the Final Judgment.

As noted above, a compensatory sanction is limited to the actual losses sustained by the party seeking a contempt finding. It is impossible to accurately quantify the losses that U2 may have suffered from the continued advertising of tigercool.com by Lin and Gatechina. However, Lin and Gatechina received $2,000 per month for the five months that they continued to advertise tigercool.com after receiving notice that U2's copyrighted works still were being sold on that website. There is no evidence that this continued advertising led to any actual sales of the protected works. Accordingly, the Court concludes that it is appropriate to require disgorgement of the $10,000 that Lin and Gatechina garnered from their contemptuous conduct. The Court further concludes that it is appropriate to require Lin and Gatechina to pay the attorneys' fees that U2 incurred in bringing the sanctions motion.[2]

**ORDER**

The motion for contempt sanctions is GRANTED IN PART, in the amount of $10,000 plus reasonable attorneys' fees incurred by Plaintiff in bringing the motion. Within seven (7) days after service of this order, Plaintiff shall file a declaration setting forth the attorneys' fees incurred in bringing the instant motion for contempt sanctions, and a proposed order awarding such fees as a contempt sanction.

DATED: 5/8/06

_____
JEREMY FOGEL
United States District Judge

---

[2] The Court concludes that U2's request for sanctions of $5.4 million is entirely disproportionate to any conceivable losses suffered by U2 as a result of the contemptuous conduct.

This Order was served on the following persons:

Alfredo A. Bismonte  abismonte@mount.com, bshih@mount.com; mmcmanus@mount.com

Patricia De Fonte  Patricia.DeFonte@ibslaw.com, shayne.coppedge@ibslaw.com; richard.idell@ibslaw.com; will.philp@ibslaw.com

Richard J. Idell  richard.idell@ibslaw.com, patricia.defonte@ibslaw.com; june.hight@ibslaw.com; shayne.coppedge@ibslaw.com; will.philp@ibslaw.com

Bobby T. Shih  bshih@mount.com, mmcmanus@mount.com

Tiffany W. Tai  tai@brtlawyers.com

6

Case No. C 05-260 JF (PVT)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CIVIL CONTEMPT SANCTIONS
(JFLC2)