**E-Filed 6/29/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U2 HOME ENTERTAINMENT, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GATECHINA.COM, INC., et al.,<br><br>　　　　　Defendants. | Case Number C 05-260 JF (PVT)<br><br>ORDER[1] GRANTING MOTION FOR LEAVE TO AMEND<br><br>[RE: Doc. No. 171] |

　　　　Plaintiff U2 Home Entertainment, Inc. ("U2") moves for leave to file the proposed third amended complaint ("TAC"). Defendant Unitopia Corporation ("Unitopia") opposes the motion. For the reasons discussed below, the motion will be granted.

**I. BACKGROUND**

　　　　U2, a California corporation, owns the copyrights and/or the exclusive United States distribution rights to certain Chinese language videos. In August 2002, U2 sued Wayne Lin ("Lin") and his corporation, Gatechina, Inc.[2] ("Gatechina"), for copyright infringement and related claims arising out of activity on a website known as tigercool.com. The website

---

[1] This disposition is not designated for publication and may not be cited.

[2] Formerly known as Gatechina.com, Inc.

tigercool.com was launched by Lin and another individual, Lei Lei ("Lei"), in 2001, and offers goods and services designed to appeal to ethnic Chinese consumers around the world. For example, a user of tigercool.com can order flowers for delivery in China, acquire telephone cards for use in calling China, and obtain Chinese language books and visual media. U2 alleged that the visual media products offered by tigercool.com included works to which U2 owned the copyrights or distribution rights. That action – Case No. C 02-3792 JF (PVT) – settled, and this Court entered a stipulated Final Judgment, Consent Decree and Permanent Injunction.

In October 2004, U2 became aware that tigercool.com again was selling copies of works to which U2 owned the copyrights or distribution rights. In January 2005, U2 filed an application for an order to show cause why Lin and Gatechina should not be held in contempt of the stipulated final judgment in Case No. C 02-3792 JF (PVT). U2 also filed the instant action, Case No. C 05-260 JF (PVT), against Lin, Gatechina, Lei, Unitopia and Unitopia Xian Corporation ("Xian"). Unitopia is a Delaware corporation run by Lei's sister, Leisa Lei ("Leisa"), and her husband, Pei Chin ("Chin"), who live in El Cerrito, California. On February 22, 2005, U2 dismissed Lin and Gatechina from the instant action.[3] Neither Lei nor Xian has appeared in the instant action, and the Clerk has entered default against them.

On June 2, 2006, the parties filed cross-motions for summary judgment. U2 also moved for leave to file a second amended complaint ("SAC"). On March 27, 2007, the Court denied U2's motion for summary judgment, granted in part and denied in part Unitopia's motion for summary judgment, and granted U2's motion for leave to file the SAC. On April 18, 2007, U2 filed the SAC. It asserted four claims for relief: (1) copyright infringement of Century copyrighted programs, against GateChina's successors in interest;[4] (2) copyright infringement of New Image copyrighted programs, against GateChina's successors in interest; (3) fraudulent transfer, against Unitopia; and (4) conspiracy to commit fraudulent transfer, against Unitopia.

---

[3] On May 8, 2006, the Court granted in part U2's renewed application for contempt sanctions against Lin and Gatechina.

[4] Each claim also names Doe defendants.

1   On May 16, 2007, U2 moved for leave to file the TAC.  The TAC asserts the same four claims as the SAC.  It differs from the SAC in that it seeks to add Leisa and Chin as defendants with respect to the third and fourth claims pertaining to fraudulent transfer.  It adds factual detail pertaining to these individuals and alleges an alter-ego relationship between Leisa and Chin, and Unitopia, and between Leisa and Chin, and Xian.  On May 24, 2007, Unitopia answered the SAC.  On June 8, 2007, Unitopia filed opposition to the instant motion.  The Court heard oral argument on June 29, 2007.

## II. LEGAL STANDARD

A request for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which provides that "leave shall be freely given when justice so requires."  In deciding whether to grant leave to amend, the Court will consider several factors, including:  (1) undue delay by the party seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of amendment; and (5) whether the party previously has amended its pleadings.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## III. DISCUSSION

Unitopia argues that U2 delayed unduly in bringing this motion.  However, U2 filed the instant motion within a month of its filing the SAC, which was filed within a month of the Court's order granting leave to amend.  Discovery remains open and no trial date has been set.  The parties are scheduled to attend a settlement conference on July 16, 2007.  Accordingly, while U2 should have included alter-ego allegations in the SAC, it has not delayed unduly in bringing this motion.

Next, Unitopia argues that a grant of leave to amend would cause it severe prejudice.  However, the threat of prejudice to Unitopia is not readily apparent since the proposed complaint adds no allegations against Unitopia.  Instead, the proposed amendment would seek to impose liability on two defendants not previously before the Court.  In fact, Unitopia likely will be able to answer the TAC without significant additional expense.  While the inclusion of additional parties may extend discovery, the Court concludes that expanding the action to incorporate the alleged true parties at fault as to third and fourth claims will not cause Unitopia sufficient

1 prejudice to overcome the liberal policy of Rule 15.

2      Finally, Unitopia argues that leave to amend would be futile. However, the Court
3 previously granted U2 leave to amend to add fraudulent transfer claims. The alter-ego
4 allegations represent the only significant change since that time, and nothing in the new
5 allegations is so obviously deficient as to support denial of the instant motion. As the Court
6 noted in its prior order, the viability of the allegations may be tested by an appropriate motion.

### IV. ORDER

     Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for leave to amend is GRANTED. Plaintiff shall file the third amended complaint on or before July 6, 2007.

DATED: 6/29/07

_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

2  Alfredo A. Bismonte        abismonte@beckross.com, drosenbaum@beckross.com

3  Patricia De Fonte          Patricia.DeFonte@idellseitel.com, liz.torres@idellseitel.com, richard.idell@idellseitel.com

4
5  Jeffrey T. Drake           jdrake@jacobsferraro.com

6  Richard J. Idell           richard.idell@idellseitel.com, courts@idellseitel.com, elizabeth.rest@idellseitel.com, ory.sandel@idellseitel.com, stephanie.huynh@idellseitel.com, suzanne.slavens@idellseitel.com

7
8  Micah R. Jacobs            mjacobs@jacobsferraro.com

   Tiffany W. Tai             tai@brtlawyers.com
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5

Case No. C 05-260 JF (PVT)
ORDER GRANTING MOTION FOR LEAVE TO AMEND
(JFLC1)