**E-filed 1/16/08**

1  RICHARD J. IDELL, ESQ., #069033
   ORY SANDEL, ESQ. #233204
2  ELIZABETH REST, ESQ. #244756
3  IDELL & SEITEL LLP
   465 California Street, Suite 300
4  San Francisco, CA 94104
   Telephone: (415) 986-2400
5  Facsimile: (415) 392-9259

6
   Attorneys for Plaintiff U2 HOME
7  ENTERTAINMENT, INC.

8
9  MICAH R. JACOBS, ESQ., #174630
   JACOBS & FERRARO LLP
10 One Embarcadero Center, Suite 1200
   San Francisco, CA 94111
11 Telephone: (415) 732-3787
12 Facsimile: (415) 732-3786

13 Attorneys for Defendants UNITOPIA CORPORATION,
14 PEI-HSIUNG CHIN and LEISA LEI

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                          SAN JOSE DIVISION

18
   U2 HOME ENTERTAINMENT, INC., a        | Case No.: C 05 00260 RS
19 California corporation doing business as |
20 CENTURY HOME ENTERTAINMENT, NEW        | STIPULATED FINAL JUDGMENT,
   IMAGE AUDIO AND VIDEO and TAI SENG     | CONSENT DECREE AND PERMANENT
21 ENTERTAINMENT (formerly TAI SENG       | INJUNCTION AS TO UNITOPIA
   VIDEO MARKETING)                       | CORPORATION, A DELAWARE
22                                        | CORPORATION, PEI-HSIUNG CHIN, AN
              Plaintiff,                   | INDIVIDUAL, AND LEISA LEI, AN
23                                        | INDIVIDUAL
        v.
24                                        | (e-filing)
   GATECHINA.COM, INC., a California      |
25 corporation and doing business as      |
   TIGERCOOL.COM; WAYNE LIN, also known   |
26 as WEN LIN, individually and doing business as |
   GATECHINA.COM, INC., UNITOPIA         |
27 CORPORATION, a Delaware corporation    |
   registered and doing business in California as |
28 DELAWAREUNITOPIA CORPORATION, and     |

- 1 -

also doing business as WWW.TIGERCOOL.COM and UNITOPIA XIAN CORPORATION, UNITOPIA XIAN CORPORATION, a corporation whose state of formation is unknown, PEI-HSIUNG CHIN, an individual, LEISA LEI, an individual, LEI LEI, individually and doing business as UNITOPIA CORPORATION, DELAWAREUNITOPIA CORPORATION, WWW.TIGERCOOL.COM and UNITOPIA XIAN CORPORATION, PETER LIU, also known as JIE LIU, individually and doing business as YANG INDUSTRIES, and YANG INDUSTRIES, an entity form unknown, and DOES 8 to 1000, inclusive,

Defendants.

Plaintiff U2 HOME ENTERTAINMENT, INC., a California corporation doing business as CENTURY HOME ENTERTAINMENT, NEW IMAGE AUDIO AND VIDEO and TAI SENG ENTERTAINMENT (FORMERLY TAI SENG VIDEO MARKETING) ("U2" or "Plaintiff"), having duly commenced this action by filing the Complaint herein, and the amendments and Schedules thereto, alleging violations of Plaintiff's rights in connection with Plaintiff's copyrights including, but not limited to, the works identified in the Compliant, and in the amendments and Schedules thereto, which Third Amended Complaint and the Schedules thereto are hereby incorporated by reference and attached hereto as Exhibit "A"; and service of the Complaint, and the amendments and Schedules thereto, having been made on Defendant UNITOPIA CORPORATION, a Delaware corporation registered and doing business in California as DELAWAREUNITOPIA CORPORATION ("Unitopia"), or, as to PEI-HSIUNG CHIN ("Chin"), an individual, and LEISA LEI ("Leisa"), an individual (Unitopia, Chin and Leisa are collectively referred to herein as "Defendants"), acknowledged by signature to this Final Judgment, Consent Decree and Permanent Injunction ("Final Judgment"); and the Plaintiff, and the said Defendants, having agreed to the entry of this Final Judgment without a trial and without the adjudication of any issue of fact or law; and the said Defendants having consented to the jurisdiction of the Court and having consented to each and every provision, order and decree of this Final Judgment, and this Final Judgment being the result of a compromise of the above matter and having been stipulated to;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over this action for copyright infringement and has jurisdiction over Defendants, as named in the Complaint and the amendments thereto and as set forth in this Final Judgment. This Court retains jurisdiction over this matter and the Defendants for the purposes of any contempt or other enforcement proceeding stemming from any violation of the permanent injunction or any other provision set forth herein.

2. Defendants and their parent, subsidiary, affiliated and related business entities, and all of the officers, directors, shareholders, members, partners, agents, representatives, servants, employees, successors and assigns of the foregoing, and any and all persons acting in concert or participation with them, who receive actual notice of this Final Judgment are permanently enjoined and restrained from:

a. Importing, making, manufacturing, copying, marketing, distributing, selling, offering for sale, renting, leasing and/or otherwise trafficking, including but not limited to over the Internet, ("Trafficking") in Unauthorized Copies, as defined below, of audio-visual content and/or products the copyrights to which are owned or licensed by Plaintiff, whether heretofore released or to be released after date of this Final Judgment, (hereinafter collectively referred to as "Plaintiff's Exclusive Copyrighted Programs") including but not limited to those programs listed on the Exhibit "A" to this Final Judgment. The term "Unauthorized Copy" means a copy of Plaintiff's Exclusive Copyrighted Programs which was not authorized and sold by Plaintiff or through Plaintiff's chain of distribution, and includes, but is not limited to, counterfeit copies and/or imports in violation of Plaintiff's exclusive copyright licenses or other interests.

b. Otherwise engaging in any other activity related to Plaintiff's Exclusive Copyrighted Programs in any manner which is likely to cause others to falsely believe that Defendants' Trafficking in Plaintiff's Exclusive Copyrighted Programs is authorized, approved or licensed by Plaintiff.

c. In any manner infringing, contributing to infringement, or participating in the infringement by others, of any of the copyrights in Plaintiff's Exclusive Copyrighted Programs, and from acting in concert with, aiding or abetting others, to infringe any of the said copyrights in any way;

d. Offering to do any of the acts enjoined in the above subparagraphs (a) through (c).

STIPULATED FINAL JUDGMENT, CONSENT DECREE AND PERMANENT INJUNCTION

e. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) though (d).

f. This Final Judgment shall be effective as to each such program for so long as Plaintiff holds the exclusive rights to or owns a particular program.

3. Defendants shall deliver and forfeit to Plaintiff or Plaintiff's counsel, at no cost to Plaintiff, any and all unauthorized copies of Plaintiff's Exclusive Copyrighted Programs, which are now or later come into the possession, custody or control of Defendants.

4. Defendants shall pay to Plaintiff the sum of Ten Thousand Dollars ($10,000) (the "Settlement Payment"). The Settlement Payment shall be made in three equal installments ($3,333.33, $3,333.33 and $3,333.34). The first installment of the Settlement Payment shall be paid and delivered to Plaintiff's counsel upon execution of this Agreement by Defendants, but in any case no later than December 15, 2007. The second and third installments of the Settlement Payment shall be made by checks postdated January 15, 2008 and February 15, 2008, respectively, which shall be delivered to Plaintiff's counsel upon execution of this Agreement by Defendants. Each installment of the Settlement Payment shall be made payable to "Idell and Seitel, LLP Trust Account".

5. If Plaintiff is required to file any further proceedings to enforce the terms of this Final Judgment, Plaintiff shall be entitled to recover its attorneys' fees and costs in any such proceedings.

6. This Court shall retain jurisdiction to enforce this Final Judgment and to preside over any subsequent action resulting from any violation thereof.

7. The terms of this Final Judgment shall inure to and be binding upon the successors, heirs and assigns of Defendants.

8. This Final Judgment is entered without prejudice to Plaintiff filing an action for non-dischargeability in the event that the monetary terms set forth herein are not fully paid and any of Defendants subsequently file for bankruptcy.

//

//

//

//

- 4 -

STIPULATED FINAL JUDGMENT, CONSENT DECREE AND PERMANENT INJUNCTION

1    AGREED AND CONSENTED TO by U2 HOME ENTERTAINMENT, INC., a California

2  corporation doing business as NEW IMAGE AUDIO & VIDEO, CENTURY  HOME

3  ENTERTAINMENT and  TAI SENG ENTERTAINMENT (FORMERLY TAI SENG VIDEO

4  MARKETING):

5                                        U2 HOME ENTERTAINMENT, INC.

6  Dated: December __3__, 2007

7                              By: _____

8                              Its: _____

9

10

11    AGREED AND CONSENTED TO by UNITOPIA CORPORATION, a Delaware corporation

12  registered and doing business in California as DELAWAREUNITOPIA CORPORATION:

13                                        UNITOPIA CORPORATION

14  Dated: December ____, 2007            _____

15                              By:       _____

16                              Its:      _____

17

18    AGREED AND CONSENTED TO by PEI-HSIUNG CHIN, an individual:

19                                        PEI-HSIUNG CHIN

20  Dated: December ____, 2007            _____

21

22                                        _____

23                                        Social Security Number

24    AGREED AND CONSENTED TO by LEISA LEI, an individual:

25                                        LEISA LEI

26  Dated: December ____, 2007            _____

27

28                                        _____

                                          Social Security Number

- 5 -
STIPULATED FINAL JUDGMENT, CONSENT DECREE AND PERMANENT INJUNCTION

AGREED AND CONSENTED TO by U2 HOME ENTERTAINMENT, INC., a California corporation doing business as NEW IMAGE AUDIO & VIDEO, CENTURY HOME ENTERTAINMENT and TAI SENG ENTERTAINMENT (FORMERLY TAI SENG VIDEO MARKETING):

U2 HOME ENTERTAINMENT, INC.

Dated: December _____, 2007 _____

By: _____

Its: _____

AGREED AND CONSENTED TO by UNITOPIA CORPORATION, a Delaware corporation registered and doing business in California as DELAWAREUNITOPIA CORPORATION:

UNITOPIA CORPORATION

Dated: December 21, 2007 _____

By: Pei-Hsiung Chin

Its: CEO

AGREED AND CONSENTED TO by PEI-HSIUNG CHIN, an individual:

PEI-HSIUNG CHIN

Dated: December 21, 2007 _____

XXXXXXXXXXXXXXX
Social Security Number

AGREED AND CONSENTED TO by LEISA LEI, an individual:

LEISA LEI

Dated: December 20, 2007 _____

XXXXXXXXXXXXXX
XXXXXXXXXXXXX
Social Security Number

-5-

STIPULATED FINAL JUDGMENT, CONSENT DECREE AND PERMANENT INJUNCTION

APPROVED AS TO FORM BY COUNSEL FOR PLAINTIFF:

IDELL & SEITEL LLP

Dated: December 13, 2007     By:     _____/s/_____
Richard Idell
Ory Sandel
Elizabeth Rest
Attorneys for Plaintiff U2 HOME ENTERTAINMENT,
INC., d/b/a CENTURY HOME ENTERTAINMENT,
NEW IMAGE AUDIO AND VIDEO and TAI SENG
ENTERTAINMENT (FORMERLY TAI SENG VIDEO
MARKETING)

APPROVED AS TO FORM BY COUNSEL FOR DEFENDANTS:

JACOBS & FERRARO, LLP

Dated: December 13, 2007     By:     _____/s/_____
Micah R. Jacobs
Attorneys for Defendant UNITOPIA CORPORATION a
Delaware corporation doing business in California as
DELAWAREUNITOPIA CORPORATION, PEI-HSIUNG
CHIN, an individual, and LEISA LEI, an individual

IT IS SO ORDERED:

Dated: _1/16/08_____ ; 2007

Honorable Judge Jeremy Fogel
Judge of the United States District Court

- 6 -
STIPULATED FINAL JUDGMENT, CONSENT DECREE AND PERMANENT INJUNCTION

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel LLP, 465 California Street, Suite 300, San Francisco, California 94104.

On January 8, 2008, I served the following document(s):

**STIPULATED FINAL JUDGMENT CONSENT DECREE AND PERMANENT INJUNCTION AS TO UNITOPIA CORPORATION, A DELAWARE CORPORATION, PEI-HSIUNG CHIN, AN INDIVIDUAL, AND LEISA LEI, AN INDIVIDUAL**

☒  by **ELECTRONIC MAIL.** As this case is subject to the United States District Court for the Northern District of California ECF program, pursuant to General Rule 45, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

Tiffany Tai
Bensinger, Ritt, Tai & Thvedt, LLP
65 N Raymond Ave Ste 320
Pasadena, CA 91103
Email: tai@brttlaw.com
*Attorney for Gatchina.com, Inc. & Wayne Lin*

Mr. Micah R. Jacobs
Jeffrey T. Drake
JACOBS & FERRARO LLP
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
mjacobs@jacobsferraro.com
jdrake@jacobsferraro.com
*Attorney for Unitopia Corporation*

I certify and declare under penalty of perjury that the foregoing is true and correct, that I am employed in the office of an attorney qualified to practice in this court, and that I executed this declaration at San Francisco, California.

_____
Suzanne Slavens